# KML LAW GROUP, P.C.
## A PROFESSIONAL CORPORATION INCORPORATED IN PENNSYLVANIA
216 Haddon Avenue, Suite 406
Westmont, NJ 08108
(215) 627-1322
www.kmllawgroup.com

January 16, 2019

The Honorable Andrew B. Altenburg, U.S.B.J., District of New Jersey
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Courtroom 4B
Camden, NJ 08101

    In Re:  Eileen T. Adams
    Case No. 18-10466 ABA
    Premises:  32 Timberline Dr. Voorhees NJ 08043
    Secured Creditor:  Nationstar Mortgage LLC d/b/a Mr. Cooper

Dear Judge Altenburg,

    This office represents Nationstar Mortgage LLC, d/b/a Mr. Cooper ("Nationstar") in this above-captioned matter. Please accept this letter brief in lieu of a more formal supplement to the record regarding the Debtor's Motion to Expunge Nationstar's proof of claim, and by extension in support of Nationstar's motion for relief from stay.

    The motions were both argued before Your Honor on August 21, 2018. At the hearing, the Court and the parties agreed that any issues regarding the final judgment of foreclosure needed to be adjudicated in State Court. The Order entered by this Court provided for limited stay relief for that express purpose. The Debtor, through counsel, filed a motion to vacate final judgment; that motion was denied. Attached hereto is the State Court's Order Denying the Motion to Vacate Final Judgment.

    The Debtor then filed a motion for reconsideration of the denial of the motion to vacate final judgment. Without consent from my office, the Debtor requested a further adjournment of the motion for relief and motion to expunge Secured Creditor's proof of claim in order for the motion for reconsideration to be heard in State Court. The Court entertained this request, and the hearing was adjourned.

    The State Court heard argument on the Debtor's motion for reconsideration of the order denying the motion to vacate final judgment on January 11, 2019. The motion for reconsideration was also denied. Attached hereto is the State Court's Order Denying the Motion for Reconsideration.

The final judgment of foreclosure stands. The Rooker-Feldman Doctrine prohibits a Federal Court from exercising subject matter jurisdiction over claims previously adjudicated in state court or claims inextricably intertwined with matters adjudicated in state court. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); In re Knapper, 407 F. 3d 573 (3rd Cir 2005); In re Monterief, 275 Fed.Appx. 149, 2008 W.L. 1813161 (3rd Cir. 2008).

At this point, Secured Creditor has demonstrated its standing by virtue of the assignments of mortgage, by production of the record of ownership of the electronic note under the applicable state and federal statutes regarding e-notes, and by the entry of final judgment in favor of its predecessor.

Furthermore, Secured Creditor continues to advance for taxes and insurance, which alone should be grounds for relief from stay. Even if the Debtor had been successful in State Court, she would have to pay the carrying costs for this property. Without a mortgage on the property, it is incumbent on the property owner to pay the taxes and insurance for a subject piece of property. Yet here, the Debtor has delayed by contesting standing despite overwhelming evidence contrary to her argument, without so much as payment of the property taxes to show good faith.

Secured Creditor objects to any further adjournment of this matter without a hearing. The Debtor has had the benefit of the automatic stay for over a year since the filing of this petition without having made any payments for in the very least the carrying costs of the subject property.

Because Nationstar has demonstrated its standing to enforce the note and mortgage in question, Debtor's motion to expunge this proof of claim should be denied, and the motion for relief from stay should be granted.

Respectfully submitted,

*/s/ Denise Carlon*
Denise Carlon, Esq.
KML Law Group, P.C.
216 Haddon Avenue, Suite 406
Westmont, NJ 08108
dcarlon@kmllawgroup.com
(215) 627-1322
Attorneys for Nationstar, d/b/a Mr. Cooper

cc:   Isabel Balboa, Chapter 13 Trustee
      David Kasen, Esq., Attorney for Debtor
      Eileen Adams, Debtor

DAVID A. KASEN, ESQUIRE
KASEN & KASEN
Society Hill Office Park
Suite 3
1874 E. Marlton Pike
Cherry Hill, NJ 08003
Telephone (856) 424-4144
Fax (856) 424-7565
Email: dkasen@kasenlaw.com
Attorneys for Defendant, Eileen T. Adams
ID# 262881970

---

| | | |
|---|---|---|
| EverBank, | : | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | : | CHANCERY DIVISION |
| v. | : | CAMDEN COUNTY |
| John J. Tierney, III, Individually and as Co-Executor for the Estate of John J. Tierney, II, et al., | : | Docket No. F-035504-14 |
| Defendants. | : | Civil Action |

[DENIED stamp]

### ORDER VACATING FINAL JUDGMENT OF FORECLOSURE PURSUANT TO R. 4:50-1

THIS MATTER having been opened to the Court by David A. Kasen, Esquire, of Kasen & Kasen, attorneys for defendant, Eileen T. Adams, pursuant to a Motion seeking to vacate the Final Judgment of Foreclosure entered by the Court on March 21, 2017, and the Court having reviewed the pleadings and having heard the arguments of counsel, and for good cause shown;

IT IS on this 30th day of November, 2018 ORDERED that the Final Judgment of Foreclosure dated March 21, 2017 shall be vacated for the reasons set forth on the record.

[DENIED stamp]

_____
Nan S. Famular, P.J.Ch.    J.S.C.

**McCABE, WEISBERG & CONWAY, LLC**
James A. French, Esq. (NJ ID: 134352014)
John M. Kolesnik, Esq. (NJ ID: 012412010)
216 Haddon Avenue, Suite 201
Westmont, New Jersey 08108
(856) 858-7080
*Attorneys for Plaintiff, Everbank*

| | |
|---|---|
| EVERBANK,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JOHN J. TIERNEY, III, et al.,<br><br>　　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>CHANCERY DIVISION<br><br>DOCKET NO.: F-35591-14<br><br>　　　　　*Civil Action*<br><br>**ORDER** |

　　　　THIS MATTER having been opened to the Court by Defendant, Eileen T. Adams ("Defendant") on a Motion to Vacate Final Judgment; and on notice to Plaintiff, Everbank ("Plaintiff"); and the Court having reviewed the moving and responding papers and the arguments of the parties; and for good cause shown;

　　　　IT IS on this 30th day of November, 2018:

　　　　**ORDERED** that Defendant's Motion to Vacate Final Judgment shall be and hereby is **DENIED** in its entirety with prejudice; and it is *for reasons set forth on the record on Nov. 30, 2018*

　　　　**FURTHER ORDERED** that counsel for Plaintiff shall serve a true and correct copy of this Order upon all parties to this action within seven (7) days of its receipt hereof.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Nan S. Famular
　　　　　　　　　　　　　　　　　　　　　　　　Hon. Nan S. Famular, P.J.Ch.

PREPARED BY THE COURT:

|  |  |  |
|---|---|---|
| **EverBank** | : | SUPERIOR COURT OF NEW JERSEY |
| **Plaintiff,** | : | CHANCERY DIVISION |
|  | : | CAMDEN COUNTY |
| v. | : |  |
| **John J. Tierney, III, et al.,** | : | DOCKET NUMBER: F-35591-14 |
| **Defendants** | : |  |
|  | : | **ORDER** |

**THIS MATTER**, having been brought before the Court, the Defendant, **Eileen T. Adams**, having been represented by, David A. Kasen, Esquire of Kasen & Kasen; and the Plaintiff, **EverBank**, having been represented by, James A. French, Esquire of McCabe, Weisberg & Conway, LLC, and the Court having heard argument of counsel and the Court having reviewed the pleadings in this matter; and for good cause shown:

IT IS ON THIS ___15th___ day of ___January___, 2019:

**ORDERED** that Defendant's Motion for Reconsideration shall be and hereby is **DENIED** in its entirety for reasons set forth on the record on January 15, 2019.

**IT IS FURTHER ORDERED** that a copy of this Order shall be served upon all parties within **7** days of the date of this Order.

BY THE COURT:

( ) Opposed
( ) Unopposed

Nan S. Famular, P.J.Ch.